UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAULETTA LANGLEY,<br><br>       Plaintiff,<br><br>v.<br><br>STATEBRIDGE COMPANY, LLC., JOHN DOES I-X,<br><br>       Defendants. | Civil Action No.: 14-6366 (JLL)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Statebridge Company LLC. ("Defendant")'s motion to dismiss (ECF No. 4) Plaintiff Pauletta Langley ("Plaintiff")'s Complaint. (ECF No. 1) via Federal Rule of Civil Procedure 12(b)(6). No oral argument was heard pursuant to Fed. R. Civ. P. 78. The Court has considered the submissions of both parties in support and in opposition of the instant motion. Based on the foregoing reasons, Defendant's motion is denied.

## I. BACKGROUND[1]

Plaintiff is the owner of real property located at 207-209 Shepard Avenue, East Orange, New Jersey ("the Property"). (Comp. at ¶ 3). Defendant is a Colorado LLC and the loan servicer of a first mortgage loan relating to the Property. (*Id.* at ¶¶ 3-4). On April 13, 2007, Plaintiff entered into a mortgage loan agreement with Weichert Financial Services, which required the owner of the loan or its agent to pay real estate taxes. (*Id.* at ¶¶ 5-6). Weichert sold the note and

---

[1] The following facts are taken as true solely for the purposes of this motion.

mortgage shortly after the loan closed. (*Id.* at ¶ 7). The note and mortgage is presently claimed to be owned by Wilmington Savings Fund Society, FSB, solely as trustee for the Primestar-H Fund I Trust ("Wilmington Savings Fund"). (*Id.* at ¶ 8). The loan went into default in 2009. (*Id.* at ¶ 9).

On or about December 2012, Wilmington Savings Fund retained Defendant to be the servicer of the loan. (*Id.* at ¶ 10). Defendant has admitted to not making any payments for real estate taxes or insurance on the property. (*Id.* at ¶¶ 11-14). The monthly loan statements sent to Plaintiff contain a charge for taxes and insurance in the amount of $945.25. (*Id.* at ¶ 15). Subsequently, each month Defendant adds that amount to balance due on the mortgage loan. (*Id.* at ¶ 16). In 2013, after Plaintiff was notified by the town of East Orange, NJ that taxes were delinquent and the property could be subject to a tax lien, Plaintiff paid the past due taxes, including additional penalty interest, in the amount of $12,650.65. (*Id.* at ¶¶ 17-19). Plaintiff took these same actions again in July 2014, in the amount of $9,436.02. (*Id. at* ¶ 21). Plaintiff alleges that she maintains an insurance policy on the property and has provided proof of the policy to the Defendant at their request. (*Id.* at ¶¶ 22-23). Despite providing proof, Plaintiff still continues to be billed for insurance by Defendant. (*Id.* at ¶ 24).

Plaintiff alleges that Defendant has violated the Fair Debt Collection Practices Act by making false representations as to the amount owed by Plaintiff, by demanding payment of funds that are not owed by Plaintiff, by charging Plaintiff for property taxes in 2013 and 2014 when Defendant and its principal have not made a single payment on real estate taxes during the time period in question, and by charging Plaintiff insurance premiums in 2013 and 2014 that were not reflective of costs incurred by Defendant or its principal. (*Id.* at ¶¶ 27-30). Plaintiff filed the instant action with this Court on October 14, 2014, alleging one count of a violation of the Fair

Debt Collection Practices Act against Defendant. On November 11, 2014, Defendant filed a motion under Fed. R. Civ. P. 12(b)(6), seeking to dismiss Plaintiff's Complaint.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. DISCUSSION

Section 1692(e) of Title 15 of the United States Code pertains to false or misleading representations by debt collectors in connection with the collection of any debt and prohibits certain conduct. 15 U.S.C. § 1692(e). Plaintiff contends that Defendant violated section 1692(e)(10) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692(e)(10).

Defendant argues that Plaintiff improperly seeks to extend the scope and purposes of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Defendant asserts that the conduct that Plaintiff complains about, the transmission of a monthly account statement, is not the type of

activity that Congress sought to prevent when adopting the FDCPA. Defendant contends that Plaintiff has failed to allege that she was harassed, subject to unfair or deceptive collection procedures, received letters threatening suit, or received abusive calls late at night or at her place of employment.

Moreover, Defendant maintains that the monthly mortgage statements sent to Plaintiff are not communications in connection with the collection of a debt, and thus are not a violation of the FDCPA. Defendant states that although the monthly statements generically state that foreclosure may result if the loan is not brought current, they do not contain a demand for payment or a threat to begin enforcement proceedings if payment is not made by a specific date.

Finally, Defendant argues that the inclusion of an escrow component in Plaintiff's monthly payment is not a false, deceptive, or misleading representation under the FDCPA. Defendant states that at the inception of the loan, Plaintiff and the loan originator agreed that property taxes and hazard insurance payments would be paid through an escrow account. Defendant claims that Plaintiff has failed to make any monthly mortgage payments to the escrow account. Defendant then cites to a statute for the proposition that there is no requirement for the lender to make escrow advances on the buyer's behalf when the loan is in default.

Plaintiff responds to Defendant's arguments by stating that she has set forth a claim for relief under the FDCPA. Plaintiff goes on to recite the elements of a claim under the FDCPA, while providing examples of how these elements are met within the Complaint. Specifically, Plaintiff contends that the Complaint clearly sets forth that Defendant has violated the FDCPA by making false or misleading representations as to the amount of the debt owed by Plaintiff, by demanding payment of funds that Defendant was not entitled to collect and by communicating

directly with Plaintiff regarding the debt even though Defendant knows Plaintiff is represented by counsel.

Plaintiff points to 15 U.S.C. § 1692(e) for the proposition that strict liability will be imposed on a defendant for "the false representation of (A) the character, amount, or legal status of any debt; or (b) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692(e)(2). Plaintiff asserts that by demanding payment of taxes and insurance each month, Defendant has violated the FDCPA by making false representations as to the amount of money owed on the debt. Plaintiff also states that insofar that Defendant tries to argue that these monthly charges constitute reimbursement for tax and insurance payments made, the Court must reject this argument because Defendant has not actually made any tax or insurance payments that they may be reimbursed for.

While the Court is cognizant of the alleged agreement between the parties regarding Plaintiff's obligation to pay her mortgage payment into the escrow account, the Court still finds that Plaintiff has alleged, at this point in the litigation, a violation of the FDCPA sufficient to survive Defendant's motion to dismiss.

Because the FDCPA is a remedial statute, *Hamilton v. United Healthcare of La.*, 310 F.3d 385, 392 (5th Cir.2002), Courts construe its language broadly, so as to effect its purpose. *See Stroh v. Director, OWCP*, 810 F.2d 61, 63 (3d Cir.1987). Accordingly, in considering claims under another provision of the FDCPA, Courts have held that certain communications from lenders to debtors should be analyzed from the perspective of the "least sophisticated debtor." *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (applying the perspective of the least sophisticated debtor to the notice provision of the Act, § 1692g) (citation omitted); *Graziano v.*

*Harrison*, 950 F.2d 107, 111 (3d Cir.1991) ("Statutory notice under the Act is to be interpreted from the perspective of the 'least sophisticated debtor.' "). Thus, Courts have concluded that any lender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453-54 (3d Cir. 2006).

A debt collection letter is deceptive where "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Quadramed*, 225 F.3d at 354. Here, Plaintiff has sufficiently alleged that the statements sent by Defendant violated the FDCPA by making false statements as to the amount owed upon the debt. Moreover, Plaintiff alleges that Defendant has admitted to not paying for any of the monies themselves, while still demanding they be reimbursed by Plaintiff. Accordingly, a court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). At this point of the litigation, the Court finds that it is possible that relief could be granted consistent with Plaintiff's allegations. Therefore, Defendant's motion to dismiss is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motions to Dismiss (ECF No. 4), is denied. An Appropriate Order accompanies this Opinion.

Date: December 16, 2014

Jose L. Linares, U.S.D.J.